| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lane M. Nussbaum SBN 264200<br>Nussbaum APC<br>27489 Agoura Rd. Ste. 102<br>Agoura Hills, CA 91301<br>Tel (818) 660-1919<br>Fax: (818) 864-3241 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Daniel S. Perlstein | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| In re:<br>MARK SANDERS | CASE NO.: 2:19-bk-20405-NB |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 10/15/2019<br>TIME: 10:00 am<br>COURTROOM: 1545 |

**Movant:** Daniel S. Perlstein

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 1                              **F 4001-1.RFS.UD.MOTION**

100309684

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  September 11, 2019

Nussbaum APC
_____
Printed name of law firm (if applicable)

Lane Nussbaum
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

100309684

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
## CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property: ☒ Residential ☐ Nonresidential

   *Street Address*: 2339 South Cochran Avenue
   *Unit/Suite Number*:
   *City, State, Zip Code*: Los Angeles, CA, 90016

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7 ☐ 11 ☐ 12 ☒ 13
      was filed on (*date*): September 03, 2019

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*):

   c. ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

   a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving
      residential property in which the Debtor resides and:

      (1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

      (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become
          due during the 30-day period after the filing of the petition.

      (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification
          required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has
          been cured.

      (4) ☐ Movant filed and served an objection to the Debtor's certification.  A copy of the objection is attached as
          Exhibit _____.  A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay: (*check all that apply*)**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had
      no right to continued occupancy of the premises, as follows:

      (1) ☒ Movant caused a notice to quit to be served on the Debtor.

      (2) ☒ An unlawful detainer proceeding was commenced on (*date*) _August 14, 2019_.

      (3) ☐ An unlawful detainer judgment was entered on (*date*) _August 29, 2019_.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                            Page 3                      **F 4001-1.RFS.UD.MOTION**

100309684

(4) ☒ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☒ The lease or other right of occupancy expired by its terms on (*date*) August 12, 2019.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

(5) ☐ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other: _____

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 4                    **F 4001-1.RFS.UD.MOTION**

100309684

7. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

    a.   The UNLAWFUL DETAINER DECLARATION on page 7.

    b.   ☐ Supplemental declaration(s).

    c.   ☐ Other *(specify):*


**Movant requests the following relief.**

1.   Relief from stay pursuant to:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

2.   ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3.   ☐ Confirmation that there is no stay in effect.

4.   ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5.   ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.   ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.   ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
    ☐ without further notice.
    ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8.   ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9.   ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice.
    ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10.  ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11.  ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 5                        **F 4001-1.RFS.UD.MOTION**

100309684

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: September 11, 2019

Nussbaum APC
_____
Print name of law firm (*if applicable*)

Lane Nussbaum
_____
Print name of individual Movant or attorney for Movant (*if applicable*)

_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 6                                **F 4001-1.RFS.UD.MOTION**

100309684

## UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) _____Daniel S. Perlstein_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (*specify*):

    a. ☒ I am the Movant and owner of the Property.

    b. ☒ I manage the Property as the authorized agent for the Movant.

    c. ☐ I am employed by Movant as (*title and capacity*):

    d. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (see attached):

3. The Property is:

    ☒ Residential   ☐ Nonresidential

    *Street Address*: 2339 South Cochran Avenue
    *Unit/Suite Number*:
    *City, State, Zip Code*: Los Angeles, CA, 90016

4. Movant is the   ☒ legal owner of the Property, or   ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit  1____. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

    (1) ☐ a month-to-month tenancy

    (2) ☐ a lease that is in default

    (3) ☒ after a foreclosure sale that was held on (*date*): _July 10, 2019_

    (4) ☐ other (*specify*):

6. The Debtor failed to pay:

    a. ☐ The monthly rent of $_____ beginning on (*date*): _____.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

100309684

b. ☐ Other obligations including:

   (1) ☐ Common area maintenance charges

   (2) ☐ Property taxes

   (3) ☐ Other obligations (*specify*):

7. Procedural status

  a. ☐ The lease matured or was rejected on (*date*) _____:

   (1) ☐ by operation of law.

   (2) ☐ by order of the court.

  b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) August 07, 2019 ___, and a true and correct copy is attached as Exhibit _2___.

  c. ☒ Before the bankruptcy petition was filed:

   (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) _August 14, 2019_____, and a true and correct copy is attached as Exhibit _3___.

   (2) ☐ Trial was held on (*date*) _____.

   (3) ☐ Trial was continued to (*date*) _____.

   (4) ☒ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) August 29, 2019 ___, and a true and correct copy is attached as Exhibit _4___.

   (5) ☒ A writ of possession for the Property was issued on (*date*) _August 29, 2019 ___, and a true and correct copy is attached as Exhibit _5___.

  d. After the bankruptcy petition was filed:

   (1) ☒ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

   (2) ☒ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

   (3) ☒ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

   (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

     (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

     (B) ☐ Movant has not filed and served an objection.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*            Page 8            **F 4001-1.RFS.UD.MOTION**

100309684

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____.  The Debtor ☐ has ☐ has not filed an objection to Movant's certification.  A copy of the Debtor's objection, if filed, is attached as Exhibit ____.  A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8.  ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9.  ☒ The Property is not necessary to an effective reorganization because it is:

   a.  ☐ Residential, and is not producing income for the Debtor.

   b.  ☐ Commercial, but no reorganization is reasonably in prospect.

   c.  ☒ No longer property of the estate.

   d.  ☐ Other (specify):


10. ☐ The bankruptcy case was filed in bad faith:

   a.  ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b.  ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c.  ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d.  ☐ Other (specify):


11. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

   a.  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page of facts establishing the scheme.

   b.  ☒ Multiple bankruptcy cases affecting the Property include:
      (1) Case name: 2:19-bk-18003-NB Mark Sanders_____
         Chapter: 13___        Case number: 2:19-bk-18003-NB_____
         Date filed: 07/10/2019__        Date discharged: _____        Date dismissed: 07/29/2019__
         Relief from stay regarding the Property ☐ was  ☒ was not  granted.

      (2) Case name: _____
         Chapter: _____        Case number: _____
         Date filed: _____        Date discharged: _____        Date dismissed: _____
         Relief from stay regarding the Property ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 9                          F 4001-1.RFS.UD.MOTION
100309684

(3) Case name: _____

Chapter: _____    Case number: _____

Date filed: _____    Date discharged: _____    Date dismissed:_____

Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/12/19 | Daniel S. Perlstein | _Daniel S. Perlstein_ |
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 10                        F 4001-1.RFS.UD.MOTION

100309684

# EXHIBIT 1

100309684



This page is part of your document - DO NOT DISCARD



## 20190680151



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**07/12/19 AT 08:00AM**

| | |
|---|---|
| FEES : | 23.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| SB2 : | 75.00 |
| PAID : | 98.00 |

*Basis 450000*
*69'824*
*$519,824*



L E A D S H E E T



201907120150041

00016866594



009960633

**SEQ:**
**01**

SECURE - 8:00AM



THIS FORM IS NOT TO BE DUPLICATED

E08_190712_6_____2

OR REFERENCE ONLY: 20190680151

RECORDING REQUESTED BY:
**WESTERN FIDELITY TRUSTEES**

AND WHEN RECORDED TO:
**DANCO, INC.**
**2476 OVERLAND AVE., #203**
**LOS ANGELES, CA 90064**
**RONALD PERLSTEIN**
**Forward Tax Statements to**
**the address given above**

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 2019-0304                                    Order #: 19-265146
Loan #: COCHRAN                                    APN: 5063-011-034
Property Address: 2339 SOUTH COCHRAN AVENUE, LOS ANGELES, CA 90016

## TRUSTEE'S DEED UPON SALE

A.P.N.: 5063-011-034                              Transfer Tax: $0.00
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3
The Grantee Herein was the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$69,824.72**
The Amount Paid by the Grantee was **$69,824.72**
Said Property is in the City of **LOS ANGELES**, County of Los Angeles

**WESTERN FIDELITY TRUSTEES**, as Trustee, (whereas so designated in the Deed of Trust hereunder more
particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

## DANIEL S. PERLSTEIN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los
Angeles**, State of California, described as follows:

**Lot 492 of Tract No. 1566, in the City of Los Angeles, County of Los Angeles, State of California, as per Map
recorded in Book 20, Pages 106 and 107 of Maps, in the Office of the County Recorder of said County.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **MARK
SANDERS, A SINGLE MAN** as Trustor, dated **10/24/2018** of the Official Records in the office of the Recorder of
Los Angeles, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as
the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and
Election to Sell under the Deed of Trust recorded on **12/6/2018**, instrument number 2018-1233082, Book , Page  of
official records.  Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within
ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage
pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

*Mail Tax Statements to Return Address Above*

# TRUSTEE'S DEED UPON SALE

TS #: 2019-0304
Loan #: **COCHRAN**
Order #: 19-265146

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **7/10/2019**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$69,824.72**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **WESTERN FIDELITY TRUSTEES**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 7/10/2019

**WESTERN FIDELITY TRUSTEES**

By: _____

Kathleen Herrera, Trustee Officer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Los Angeles

On 7/10/2019 before me, Angela Herrera, Notary Public , Personally appeared, Kathleen Herrera who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Notary Name

(Seal)

ANGELA HERRERA
Notary Public - California
Los Angeles County
Commission # 2254218
My Comm. Expires Aug 14, 2022

ACCOMODATION
This Document delivered to Recorder
As an accomodation only at the
Express request of the parties hereto.
It has not been examined as to
its effect or validity

# EXHIBIT 2

100309684

Notice to Any Renters Living At 2339 South Cochran Avenue, Los Angeles, CA 90016, County of Los Angeles

   The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

   You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

   Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

   You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

   How to Get Legal Help

   If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Internet Web site (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." CC1785.26(c) (2).

Sec. 594 of the Penal Code of California states:  "Every person who maliciously injures, or destroys any real property not his own . . . is guilty of vandalism."

# NOTICE TO QUIT/PERFORM OR QUIT

To: All occupants, hereinafter referred to jointly, severally, individually and collectively as "You"

PREMISES: 2339 South Cochran Avenue, Los Angeles, CA 90016, County of Los Angeles

Daniel S. Perlstein has purchased the above described property following a foreclosure of a deed of trust after default of a note, and title has been duly perfected.

## IF YOU WERE THE OWNER OF THE PROPERTY OR OTHERWISE NOT A TENANT:

Within 3 days after the date of service of this notice upon you, you are required to quit and move out of the above described property.  If you fail to comply with this notice legal proceeding will be commenced against you to recover possession of said premises (and for such damages as may be allowed by law).

## IF YOU WERE A TENANT OF THE PROPERTY STATED ABOVE:

Within 90 days after the date of service of this notice upon you, you are required to quit and move out of the above described property.  If you fail to comply with this notice legal proceeding will be commenced against you to recover possession of said premises (and for such damages as may be allowed by law). Additionally and separately, any fixed term lease under which you hold possession is hereby terminated 90 days after expiration of this notice.

**IF YOU WERE A TENANT, PLEASE ALSO NOTE:** Within three days after the date of service of a copy of this notice upon you, you are required to deliver a written statement, identifying all current occupants of the premises, and further identifying all current terms of your rental agreement. The statement must be delivered to the following address:

Daniel S. Perlstein
2476 Overland Ave. Unit 203
Los Angeles CA, 90064

IF YOU FAIL to comply with the above, you must quit and deliver possession of the premises within three days of the service of this notice. If you fail to comply with this notice, Landlord elects to declare forfeiture of your rental agreement immediately.

Date: August 06, 2019                    Owner/Agent: Daniel S. Perlstein

\*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." CC1785.26(c) (2).

Sec. 594 of the Penal Code of California states:  "Every person who maliciously injures, or destroys any real property not his own . . . is guilty of vandalism."

# EXHIBIT 3

100309684

Electronically FILED by Superior Court of California, County of Los Angeles on 08/14/2019 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Thomas Long

1  Lane M. Nussbaum SBN 264200
   Brandon S. Dimond  SBN 266876
2  Nussbaum APC
   27489 Agoura Road Ste. 102
3  Agoura Hills, CA 91301
   Tel. 818-660-1919
4  Fax. 818-864-3241
5  info@nussbaumapc.com

6

7

8  Attorneys for Plaintiff Daniel S. Perlstein

9

10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    COUNTY OF LOS ANGELES

13

14  DANIEL S. PERLSTEIN            CASE NO.    19STUD07815

15                                UNLAWFUL DETAINER COMPLAINT
16            Plaintiff,
17      vs.                       LIMITED ACTION

18  MARK SANDERS and DOES 1-10
19                                **Action based on CCP §1161a; amount
            Defendants.           demanded does not exceed $10,000**
20

21

22      **PLAINTIFF ALLEGES:**

23      1.      Plaintiff Daniel S. Perlstein is the owner of, and entitled to immediate possession

24  of the real property commonly known as 2339 South Cochran Avenue, Los Angeles, CA 90016,

25  County of Los Angeles ("the Premises"). Daniel S. Perlstein, is authorized to do business within

26  the State of California and the above-entitled judicial district.

27      2.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein

28  as All Occupants in Possession. Plaintiff is informed and believes and thereon alleges that each

100295108

of defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by said defendants who are occupants and not tenants for rent of the Premises.

3.    Plaintiff is informed and believes that the Premises were subject to a lien by a Trustor through a deed of trust (the "DOT") to secure a promissory note (the "Note"), and said Trustor defaulted in the payment of such Note. Thereafter, at the request of the beneficiary under the DOT, the trustee under the DOT caused to be recorded a notice of default of the Note and a notice of sale of the Premises pursuant to the terms of the DOT to satisfy the obligations under the Note.

4.    On July 10, 2019 a foreclosure sale took place and Plaintiff took title to the Premises and received an executed Trustee's Deed Upon Sale.

5.    The Premises were sold in accordance with section 2924 of the Civil Code, under power of sale contained in a deed of trust executed by the defendant herein, and title under the sale was been duly perfected by the recording of the Trustee's Deed upon Sale in the county Recorder's Office. Plaintiff purchased the Premises as a bona fide purchaser, lacking knowledge of any adverse claims regarding title or the foreclosure process.

6.    Mark Sanders ("Defendant") is not a tenant and held possession of the Premises after the foreclosure sale.  On August 07, 2019, Plaintiff caused to be served upon Defendant a written notice to quit and deliver up possession of the Premises property.  A true copy of said notice is attached hereto, labeled exhibit "A" and incorporated herein by reference. Proof of Service to attachment "A" is attached hereto as exhibit "B". The notice to quit was served after the perfection of Plaintiff's title.

7.    Plaintiff is informed and believes that, all other Defendants named are not tenants. To the extent that any occupants are tenants, occupants have been requested, in writing and orally to provide the terms of their tenancy. Occupants refused to comply with these requests. Occupants were then served a Three Day Notice to provide the terms of their lease agreement or to execute a new lease. Occupants have refused or failed to comply with the notice, and as such have forfeited any such rental agreement or right to tenancy.

100295108

8.    The notice to quit has since expired but Defendants have failed and refused to deliver up possession of the Premises.

9.    Defendants continue in possession of the Premises without permission or consent of Plaintiff, and contrary to the notice to quit.

10.    Plaintiff may assign its interest. In the event that such unlawful detainer litigation is in progress, all parties agree that it is the intention of new assignee and Plaintiff that new assignee shall have the right to prosecute any pending unlawful detainer action regarding the property.

11.    The daily fair market value of the Premises is $113.17.

WHEREFORE, Plaintiff prays judgment against defendants as follows:

1.    For restitution of the above-described premises;

2.    For costs incurred herein;

3.    For such other further relief as the Court may deem fit and proper;

4.    For holdover damages at the daily rate stated in the complaint.

Dated: August 13, 2019

_____

Lane Nussbaum
Attorney for Plaintiff

100295108

1

## **VERIFICATION**

2

3        I, Daniel S. Perlstein, declare:

4

5   I am the plaintiff in this proceeding.  I have read the foregoing complaint, and know the

6   contents thereof.  I am the most knowledgeable person regarding the facts therein, and am

7   therefore authorized to make this verification on its behalf. The matters stated within it are true

8   of my own knowledge and belief, except as to those matters which are stated to be on

9   information and belief, and as to those matters I believe them to be true.

10

11   I declare under penalty of perjury, according to the laws of the State of California, that the

12   foregoing is true and correct.  Executed on August 13, 2019 in Los Angeles, California

13

14

15        Daniel S. Perlstein

16

17

18

19

20

21

22

23

24

25

26

27

28

---

100295112

**EXHIBIT A**

100295110

Notice to Any Renters Living At 2339 South Cochran Avenue, Los Angeles, CA 90016, County of Los Angeles

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

How to Get Legal Help

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Internet Web site (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." CC1785.26(c) (2).

Sec. 594 of the Penal Code of California states:  "Every person who maliciously injures, or destroys any real property not his own . . . is guilty of vandalism."

# NOTICE TO QUIT/PERFORM OR QUIT

To: All occupants, hereinafter referred to jointly, severally, individually and collectively as "You"

PREMISES: 2339 South Cochran Avenue, Los Angeles, CA 90016, County of Los Angeles

Daniel S. Perlstein has purchased the above described property following a foreclosure of a deed of trust after default of a note, and title has been duly perfected.

## IF YOU WERE THE OWNER OF THE PROPERTY OR OTHERWISE NOT A TENANT:

Within 3 days after the date of service of this notice upon you, you are required to quit and move out of the above described property.  If you fail to comply with this notice legal proceeding will be commenced against you to recover possession of said premises (and for such damages as may be allowed by law).

## IF YOU WERE A TENANT OF THE PROPERTY STATED ABOVE:

Within 90 days after the date of service of this notice upon you, you are required to quit and move out of the above described property.  If you fail to comply with this notice legal proceeding will be commenced against you to recover possession of said premises (and for such damages as may be allowed by law). Additionally and separately, any fixed term lease under which you hold possession is hereby terminated 90 days after expiration of this notice.

**IF YOU WERE A TENANT, PLEASE ALSO NOTE:** Within three days after the date of service of a copy of this notice upon you, you are required to deliver a written statement, identifying all current occupants of the premises, and further identifying all current terms of your rental agreement. The statement must be delivered to the following address:

Daniel S. Perlstein
2476 Overland Ave. Unit 203
Los Angeles CA, 90064

IF YOU FAIL to comply with the above, you must quit and deliver possession of the premises within three days of the service of this notice. If you fail to comply with this notice, Landlord elects to declare forfeiture of your rental agreement immediately.

Date: August 06, 2019                    Owner/Agent: Daniel S. Perlstein

*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." CC1785.26(c) (2).

Sec. 594 of the Penal Code of California states:  "Every person who maliciously injures, or destroys any real property not his own . . . is guilty of vandalism."

**<u>EXHIBIT B</u>**

100295111

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  LOS ANGELES

STREET ADDRESS: 111 North Hill St.

MAILING ADDRESS: 111 North Hill St.

CITY AND ZIP CODE: Los Angeles 90012

BRACH NAME: Stanley Mosk Courthouse

**CASE NAME:** Daniel S. Perlstein v. Mark Sanders. et al.

# PROOF OF SERVICE OF NOTICE

Ref No.:

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION. I SERVED COPIES OF THE BELOW DOCUMENT AS FOLLOWS:

DOCUMENT SERVED: CCP 1161a Notice to Quit

PERSONS SERVED: Mark Sanders

LOCATION OF SERVICE: 2339 South Cochran Avenue Los Angeles, CA 90016

SERVICE DATE AND TIME: 8/7/19 at 11:34 am

METHOD OF SERVICE: By posting the notice in a conspicuous place on the property, after having attempted personal service to the occupant at the Property address listed above, and after knocking loudly at the entrance, and having been unable to find there a person of suitable age and discretion, and also mailing a second copy to the occupant at the property from Los Angeles on August 7, 2019.

I am a Registered California Process Server.

Jemimah Brown

P.O. Box 243

Agoura Hills, CA 91376

818-964-0895

Registration No.: 2018135298

County:                Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in this return of service is true and correct.

Dated: August 07, 2019

Signature: _____

Jemimah Brown

**Litigati, Inc. Registration: 2014300771**

100289837

# EXHIBIT 4

100309684

Electronically FILED by Superior Court of California, County of Los Angeles on 09/12/2019 09:23 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Valerie Bailey, Deputy Clerk

Case 2:19-bk-20405-NB    Doc 8    Filed 09/12/19    Entered 09/12/19 14:49:31    Desc
Main Document    Page 29 of 35

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>⎵ Lane Nussbaum SBN 264200, Wayne Abb SBN 91625<br>27489 Agoura Rd., Ste. 102, Agoura Hills, CA 91301<br><br>TELEPHONE NO.: Tel: 818-660-1919   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* info@nussbaumapc.com<br>ATTORNEY FOR *(Name):* Daniel S. Perlstein | **FOR COURT USE ONLY** |

**UD-110**

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles |
| STREET ADDRESS: 111 North Hill St. |
| MAILING ADDRESS: 111 North Hill St. |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| |
|---|
| PLAINTIFF: Daniel S. Perlstein |
| DEFENDANT: Mark Sanders, et al. |

| **JUDGMENT—UNLAWFUL DETAINER** | CASE NUMBER: |
|---|---|
| ☑ **By Clerk**   ☑ **By Default**   ☐ **After Court Trial**<br>☐ **By Court**   ☑ **Possession Only**   ☐ **Defendant Did Not**<br>                                                         **Appear at Trial** | 19STUD07815 |

## JUDGMENT

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☑ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)).  The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived.  The court considered the evidence.
   a. The case was tried on *(date and time):*

   before *(name of judicial officer):*

   b. Appearances by:
      ☐ Plaintiff *(name each):*          ☐ Plaintiff's attorney *(name each):*
                                              (1)
                                              (2)

      ☐ Continued on *Attachment* 2b (form MC-025).

      ☐ Defendant *(name each):*          ☐ Defendant's attorney *(name each):*
                                              (1)
                                              (2)

      ☐ Continued on *Attachment* 2b (form MC-025).

   c. ☐ Defendant did not appear at trial.  Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was   requested.

Ele

Form Approved for Optional Use
Judicial Council of California
UD-110 [New January 1, 2003]
**JUDGMENT—UNLAWFUL DETAINER**
Code of Civil Procedure, §§ 415.46,
585(d), 664.6, 1169

100301847

| PLAINTIFF: Daniel S. Perlstein | CASE NUMBER: |
|---|---|
| DEFENDANT: Mark Sanders, et al. | 19STUD07815 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☐ **THE COURT**   ☑ **THE CLERK**

3. **Parties.** Judgment is
   a. ☑ for plaintiff *(name each)*: Daniel S. Perlstein

      and against defendant *(name each)*:
   Mark Sanders
      ☐ Continued on *Attachment* 3a (form MC-025).
   b. ☐ for defendant *(name each)*:

4. ☑ Plaintiff  ☐ Defendant   is entitled to possession of the premises located at  *(street address, apartment, city, and county)*:

   2339 South Cochran Avenue, Los Angeles, CA 90016, County of Los Angeles

5. ☐ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ.
   Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**
   a. ☐ Defendant named in item 3a above must pay plaintiff on the       b. ☐ Plaintiff is to receive nothing from defendant
      complaint:                                                                                          named in item 3b.
                                                                                                       ☐ Defendant named in item 3b is to recover
                                                                                                          costs: $

| | | |
|---|---|---|
| (1) ☐ Past-due rent | $ | |
| (2) ☐ Holdover damages | $ | |
| (3) ☐ Attorney fees | $ | |
| (4) ☐ Costs | $ | |
| (5) ☐ Other *(specify)*: | $ | |
| (6) **TOTAL JUDGMENT** | $ | |

☐ and attorney fees:  $                    .

   c. ☐ The rental agreement is canceled.   ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in
   *Judgment—Unlawful Detainer Attachment* (form UD–110S), which is attached.

8. ☐ **Other** *(specify)*:

      ☐ Continued on *Attachment* 8 (form MC-025).

Date:                    ☐ _____
                                                                    JUDICIAL OFFICER

Date: 08/29/2019          ☑ Clerk, by  Valerie Bailey _____ , Deputy

| (SEAL) | **CLERK'S CERTIFICATE** *(Optional)* |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by  _____ , Deputy |

100301847

# EXHIBIT 5

100309684

EJ-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 264200<br>NAME: Lane Nussbaum<br>FIRM NAME: Nussbaum APC<br>STREET ADDRESS: 27489 Agoura Rd, Suite 102<br>CITY: Agoura Hills    STATE: CA    ZIP CODE: 91301<br>TELEPHONE NO.: 818-660-1919    FAX NO.:<br>E-MAIL ADDRESS: lnussbaum@nussbaumapc.com<br>ATTORNEY FOR (name): Daniel S. Perlstein<br>☑ ORIGINAL JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

| | |
|---|---|
| Plaintiff: **Daniel S. Perlstein**<br>Defendant: **Mark Sanders, et al.** | CASE NUMBER:<br>19STUD07815 |

| | | | |
|---|---|---|---|
| **WRIT OF** | ☐ **EXECUTION** (Money Judgment) | | ☑ **Limited Civil Case**<br>(including Small Claims) |
| | ☑ **POSSESSION OF** | ☐ Personal Property | |
| | ☐ **SALE** | ☑ Real Property | ☐ **Unlimited Civil Case**<br>(including Family and Probate) |

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. **(Name):** Daniel S. Perlstein
   is the ☑ original judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   Mark Sanders

   2339 South Cochran Avenue, Los Angeles, CA 90016, County of Los Angeles

   ☐ Additional judgment debtors on next page

5. **Judgment entered** on (date): 08/29/2019

6. ☐ Judgment renewed on (dates):

7. **Notice of sale** under this writ
   a. ☑ has not been requested.
   b. ☐ has been requested (see next page).

8. ☐ Joint debtor information on next page.

9. ☑ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.

   **For Items 11–17, see form MC-012 and form MC-013-INFO**

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 0.00 |
| 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13. Subtotal (add 11 and 12) | $ | 0.00 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 0.00 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 0.00 |
| 17. Fee for issuance of writ | | 25.00 |
| 18. **Total** (add 15, 16, and 17) | $ | 25.00 |

19. **Levying officer:**
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . .    $    0.00
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . . . . .    $    0.00

20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

*POSSESSION ONLY* (watermark)

[SEAL]

Sherri R. Carter Executive Officer / Clerk of Court

Issued on (date): 08/29/2019    Clerk, by    Valerie Bailey    , Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

100301849

EJ-130

| Plaintiff: | Daniel S. Perlstein | CASE NUMBER: |
|---|---|---|
| Defendant: | Mark Sanders, et al. | 19STUD07815 |

21. ☐  Additional judgment debtor *(name, type of legal entity if not a natural person, and last known address):*

22. ☐  Notice of sale has been requested by *(name and address):*

23. ☐  Joint debtor was declared bound by the judgment (CCP 989–994)

   a.  *on (date):*  
   b.  name, type of legal entity if not a natural person, and last known address of joint debtor:

   a.  *on (date):*  
   b.  name, type of legal entity if not a natural person, and last known address of joint debtor:

   c.  ☐  Additional costs against certain joint debtors are itemized:   ☐ Below   ☐ On Attachment 23c

24. ☑  (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

   a.  ☑  Possession of real property: The complaint was filed on *(date):* August 14, 2019  
      *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

      (1)  ☐  The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

      (2)  ☑  The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

      (3)  ☑  The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

      (4)  If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

         (a)  The daily rental value on the date the complaint was filed was  $ 113.17 (VKB)

         (b)  The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*  
           MON - FRI at 8:30 AM  
               Court to set date upon request (VKB)

   b.  ☐  Possession of personal property.  
      ☐  If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.  
   c.  ☐  Sale of personal property.  
   d.  ☐  Sale of real property.  
   e.  The property is described:  ☑ Below  ☐ On Attachment 24e  
      2339 South Cochran Avenue, Los Angeles, CA 90016, County of Los Angeles

---

100301849

**EJ-130**

| | | |
|---|---|---|
| Plaintiff: | Daniel S. Perlstein | CASE NUMBER: |
| Defendant: | Mark Sanders, et al. | 19STUD07815 |

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

100301849

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
27489 Agoura Road, Ste. 102, Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _09/12/2019_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Bankruptcy Trustee Kathy A Dockery (TR) - EFiling@LATrustee.com
US Trustee - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _09/12/2019_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Each person below has been served via overnight mail service:

Hon. Neil W. Bason - 255 E. Temple St. Suite 1552 / Crtrm 1545 Los Angeles, CA 90012
Kathy A Dockery (TR) 801 Figueroa Street, Suite 1850 Los Angeles, CA 90017
United States Trustee (LA) 915 Wilshire Blvd, Suite 1850 Los Angeles, CA 90017
Mark Sanders 2339 S Cochran Ave Los Angeles, CA 90016

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/12/2019 | Shauna Wilcox | |
| **Date** | **Printed Name** | **Signature** |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

100309684